**Abatement Order filed September 7, 2016**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-16-00556-CV**
**NO. 14-16-00578-CV**

_____

**IN THE INTEREST OF A.L.H., A CHILD**

---

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-00466J**

---

## ABATEMENT ORDER

These are consolidated, accelerated appeals from a judgment in a suit in which the termination of the parent-child relationship is at issue ("parental termination case"). The notices of appeal were filed on July 15, 2016 and July 21, 2016. Appellants have established indigence or are presumed to be indigent. *See* Tex. R. App. P. 20.1(a). The reporter's record was originally due within 10 days after the notice of appeal was filed. *See* Tex. R. App. P. 35.1(b); 28.4(a)(1). Through extensions granted to appellants and the court reporter, the reporter's record was most recently due on August 25, 2016. When we granted the last extension, we noted that no further extensions would be granted.

On August 25, 2016, Jill Bartek, the official court reporter for the 313th District Court, filed a further motion for extension of time to file the reporter's

record. On August 30, 2016, this court denied the motion for extension and ordered Bartek to file the record by September 2, 2016. No record has been filed.

Appeals in parental termination cases and child protection cases are to be brought to final disposition within **180 days** of the date the notice of appeal is filed. *See* Tex. R. Jud. Admin. 6.2(a) (effective May 1, 2012). The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). The trial court **must** direct the court reporter to immediately commence the preparation of the reporter's record and **must** arrange for a substitute reporter, if necessary. *See* Tex. R. App. P. 28.4(b)(1).

Because the record has not been timely filed, we order as follows:

We direct the judge of the 313th District Court to **immediately** conduct a hearing, in which the court reporter, appellants' lawyers, and appellee's lawyer shall participate, to: (a) determine the reason for the failure to file the record; (b) establish a date certain when the reporter's record will be filed, and (c) make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court on or before **September 19, 2016**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

PER CURIAM

2